IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JANET LEE LANA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-07-232-D |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

ORDER AND JUDGMENT

Pursuant to 42 U.S.C. §405(g), Plaintiff brought this action to obtain judicial review of the decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits and supplemental security income benefits. The matter was referred to United States Magistrate Judge Valerie K. Couch for initial proceedings in accordance with 28 U.S.C. §636 (b)(1)(B).

On June 17, 2008, the Magistrate Judge filed a Report and Recommendation [Doc. No. 26]in which she recommended that the decision of the Commissioner be affirmed. Because Plaintiff timely objected to the Report and Recommendation, the matter is reviewed *de novo*.

The challenged decision was issued after the Social Security Appeals Council denied Plaintiff's request for review of the decision of the Administrative Law Judge. That decision was issued after a hearing, and it concluded that Plaintiff could perform her past relevant work as a telemarketer.

This Court's review of the Commissioner's decision is limited, as the Court may not reweigh the evidence or substitute its judgment for that of the Commissioner; instead, it must determine only

if the correct legal standards were applied and if the decision is supported by substantial evidence in the record.  *Washington v. Shalala*, 37 F. 3d 1437, 1439-40 (10th Cir. 1994); *Castellano v. Secretary of Health & Human Servs.*, 26 F. 3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is that which a reasonable person might deem adequate to support the ultimate conclusion.  *Castellano*, 26 F. 3d at 1028.  Evidence is not substantial for this purpose if it is "overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).  The decision of the Administrative Law Judge in a Social Security disability hearing must be supported by substantial evidence; in addition to discussing the evidence supporting his decision, the Administrative Law Judge must also discuss the uncontroverted evidence on which he does not rely and any significantly probative evidence he rejects.  *Haddock v. Apfel*, 196 F. 3d 1084, 1088 (10th Cir. 1999); *Clifton v. Chater*, 79 F. 3d 1007, 1010 (10th Cir. 1996).

   In this case, the Administrative Law Judge applied the five-step sequential evaluation process required by the Social Security regulations.  20 C. F. R.  §§ 404.1520, 416.920.  At the initial step, he concluded that Plaintiff had not engaged in substantial gainful activity during the relevant period; at step two, he determined that she suffered from rheumatoid arthritis, a severe impairment.  He determined, at step three, that Plaintiff did not have an impairment or combination of impairments that meet or equal the criteria of any listed impairment described in the Social Security regulations.  In assessing her residual functional capacity as required at step four, the Administrative Law Judge determined that Plaintiff had the capacity to "perform a light exertion, further restricted by occasional stooping and crouching and frequent climbing, balancing, kneeling and crawling." Administrative Record ("AR"), p. 13.  The Administrative Law Judge concluded that she can perform her past relevant work as a telemarketer, which is work performed at the

sedentary level. AR at 15. Therefore, he concluded that she is not disabled within the meaning of the Social Security Act. *Id.*

Plaintiff contends that the Administrative Law Judge erred in that conclusion for two reasons: 1) he improperly disregarded her reported symptoms of pain and stiffness in her hands and arms; and 2) without good cause, he disregarded the opinion of a consultative examiner that Plaintiff would not be able to hold a job.

In the Report and Recommendation, the Magistrate Judge discussed each of these contentions in detail and analyzed the record regarding the evidence considered by the Administrative Law Judge. The record reflects that the evidence included Plaintiff's own testimony and the objective medical evidence based on the records submitted. As the Magistrate Judge noted, the decision of the Administrative Law Judge reflects that, contrary to Plaintiff's contention, he analyzed her symptoms of pain and stiffness. In doing so, he applied the analysis set forth in *Kepler v. Chater*, 68 F. 3d 387, 390 (10th Cir. 1995), and he concluded that the medical evidence supported a finding that Plaintiff experienced some pain. However, he determined that the evidence did not support the level of pain claimed by Plaintiff. As discussed in the Report and Recommendation at pages 4 and 5, the Administrative Law Judge gave consideration to Plaintiff's testimony as well as the other evidence in the record. His assessment of Plaintiff's credibility is supported by substantial evidence in the record. Because "[c]redibility determinations are peculiarly the province of the finder of fact," a court should not alter those determinations where they are supported by substantial evidence. *Hackett v. Barnhart*, 395 F. 3d 1168, 1173 (10th Cir. 2005). The Court agrees with the Magistrate Judge that the Administrative Law Judge did not err in his findings regarding Plaintiff's pain.

Plaintiff's argument regarding a consultative examiner is based on a November 13, 2004 examination of Plaintiff by Dr. Rachelle Davis.  As the Magistrate Judge pointed out, however, the record reflects that, contrary to Plaintiff's contention, the Administrative Law Judge did not fail to consider the opinion of Dr. Davis.  Instead, he gave that opinion less weight than the opinions of Plaintiff's treating physicians, a procedure consistent with the Social Security regulations.  *See* 20 C. F. R. § § 404.1427 and 416.927 (discussing the weight to be given to treating physician opinions and those of non-treating medical providers).  As discussed in detail at pages 6 through 8 of the Report and Recommendation, the record reflects that Plaintiff's treating physicians did not conclude that Plaintiff had the degree of limitation or restriction found by Dr. Davis; furthermore, the treating physicians' records on which the Administrative Law Judge relied reflected examinations during a time period almost two years after Dr. Davis examined Plaintiff.   The discussion at pages 6 through 8 of the Report and Recommendation accurately summarizes the evidence in the record noted by the Administrative Law Judge, and is adopted as though fully set forth herein.  That discussion supports the conclusion that, contrary to Plaintiff's current contention, the Administrative Law Judge did not ignore Dr. Davis's opinion; he explained the reasons he gave that opinion less weight than that of Plaintiff's treating physicians, and he discussed the evidence in the record on which he relied in determining that Plaintiff's functional capacity did not render her disabled.

Having reviewed the record and having considered Plaintiff's arguments, the Court agrees with the Magistrate Judge that the decision of the Commissioner is supported by substantial evidence in the record.  The Court finds no error in that decision.  Accordingly, the Report and Recommendation [Doc. No. 26] is adopted, and the Commissioner's decision is AFFIRMED, and judgment is entered in favor of the Defendant Commissioner and against the Plaintiff on the claims

asserted herein.

       IT IS SO ORDERED this __4th__ day of December, 2008.

                                                       TIMOTHY D. DeGIUSTI
                                                     UNITED STATES DISTRICT JUDGE